UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAQ KAHN,<br><br>   Plaintiff,<br><br>   v.<br><br>FRAUENHIEM, et al.,<br><br>   Defendants. | No. 1:15-cv-01843 LJO DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |

   Plaintiff Mustaq Ali Kahn ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 9, 2015.

   On February 29, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend. After receiving extensions of time, Plaintiff's amended complaint was due on or before May 22, 2016.

   After Plaintiff failed to file an amended complaint or otherwise contact the Court, the Court issued an order to show cause on June 13, 2016. Plaintiff was ordered to file a response, or an amended complaint, within thirty (30) days. Over thirty (30) days have passed and Plaintiff has failed to do so.

   The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*

1 *Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  *Id.*  Moreover, Plaintiff was warned numerous times that failure to comply with the Court's orders would result in dismissal of this action.

Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.
IT IS SO ORDERED.

Dated:   **July 22, 2016**             /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE